UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16CV-57-TBR

**CINDY MITCHELL** *et al.*                                                                                      **PLAINTIFFS**

**v.**

**NIRANJAN SIVA AND ASSOCIATES**                                                         **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiffs Cindy Mitchell and Tony Blasingim filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Subsequent to the complaint, Plaintiffs filed three letters (DNs 4, 7, and 10) making factual allegations. The Court will construe the letters as motions to amend the complaint and **GRANT** the motions. *See* Fed. R. Civ. P. 15(a). Therefore, the Court will consider the allegations made in the complaint and the amendments upon initial screening. Upon initial review of the complaint, the instant action will be dismissed for the reasons that follow.

**I.**

Plaintiffs filed the complaint on a Court-approved general complaint form naming "Niranjan Siva and Associates" as the only Defendant in the caption. In the complaint form where Defendants are to be listed, Plaintiffs list only Niranjan Siva as the Defendant, identifying him as a physician. In the complaint and amendments, Plaintiffs assert allegations against Siva and his employees. For the purposes of this initial review, the Court will consider the action as bringing claims against "Niranjan Siva and Associates."

In their statement of the claim, Plaintiffs state as follows:

Dr. Niranjan Siva false accused us of selling our narcotic pain pills so did office manager Regina Ramage.  His employer Lisa has narcotic issues she gets his other patients scripts early and they supply her with narcotics dismissed me and Tony for no reasons at all.  We are suffering we want $198,000 pain n suffering discrimination.

Elsewhere in the form, Plaintiffs state, "Falsely accused us of trafficking our meds due to his employer having a narcotic issue."  Where the complaint form asks for Plaintiffs to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, Plaintiffs responded, "Federal Laws."

In the first amended complaint (DN 4), Plaintiffs state as follows:

Dr. Siva and his employer Lisa are steadily writing prescriptions for a narcotic known as Roxys to Andrea Hinson.  Lisa and Andrea traffick meds back and forth to each other.  Lisa also has access to Dr. Siva's prescription pad where she allegedly signs prescriptions herself.  Lisa & Mrs. Hinson conspired against me along with 2 other criminals and violated Tony and I's HIPPA rights and lied on our best friend Michele Burkeen.  They said she turned us in when she did not.  Lisa could not get Tony and I to traffick our meds to her so we want a jury trial . . . .

The second amended complaint (DN 7), signed only be Plaintiff Blasingim, reiterates the above allegations.

In the third amended complaint (DN 10), Plaintiffs state as follows:

Employee Lisa Johnson was arrested for forging prescriptions as well as criminal Andrea Hinson this was going on the whole time we were patients there when we refused to traffick our meds with Dr. Sivas employee Lisa Johnston she lied on us to Dr. Siva and we were dismissed and cut off our meds cold turkey due to lies this is why we filed this case . . . also as well our hipaa rights were violated by Lisa and Andrea Hinson and other outsiders as well Regina Ramage then office manager lied to me basically saying the DEA was there for me.  I contacted them that was not true Lisa Johnston stated to me Michele Burkeen . . . came into the office and our meds were cut because of her.  When the truth finally came out it was simply because we would not share our meds with Mrs. Johnston and Mrs. Hinson.  Mrs. Hinson still continued to be a patient of Dr. Niranjan Siva's even though she was constantly violating Kasper laws.  Mrs. Johnston was steady writing prescriptions out and forging Dr. Siva's name to them during this whole

2

time and we were innocent people who was discriminated against for no reason at all.  We were done wrong and we deserve compensation for this matter.

Where the complaint form asks for the relief sought, Plaintiffs states, "Compensate us for painns 198,000 suspend his license to practice in KY hes feeding his employees meds."

## II.

Because Plaintiffs are proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### III.

Plaintiffs do not identify a federal statute or constitutional provision under which they are making their claims. Because they claim they were discriminated against, the Court will analyze their claims under several statutes.

**42 U.S.C. § 1983**

One possible statute under which a discrimination claim may be alleged is 42 U.S.C. § 1983, which provides a cause of action for denial of equal protection under the Fourteenth Amendment against state government officials. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Defendant Siva is a physician, and the complaint does not allege that either he or any member of his medical staff is an employee or official of any state or municipal government. Nor does the complaint allege that Defendant Siva or any of his employees acted under color of state law. *See Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) ("[O]ur precedent indicates that the mere fact that a hospital is licensed by the state is insufficient to transform it into a state actor for purposes of section 1983."); *Ellison v. Univ. Hosp. Mobile Crisis Team*, 108 F. App'x 224, 228 (6th Cir. 2004) ("Licensing and regulation are not enough to transform private [medical providers] into state actors for section 1983 purposes.") (alteration in original) (citation omitted). As nothing in the complaint demonstrates that Defendant Siva and his employees were state actors or were acting under color of state law, Plaintiffs have not stated a claim under 42 U.S.C. § 1983, and such claim must be dismissed.

**42 U.S.C. § 1981**

Another statute, 42 U.S.C. § 1981, prohibits intentional racial discrimination by both public and private actors in the context of contractual relationships. *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006); *Chapman v. Higbee Co.*, 319 F.3d 825, 829-32 (6th Cir. 2003); *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 867-68 (6th Cir. 2001). However, Plaintiffs state that they were denied medical treatment because they refused to traffic their narcotic medication. They give no indication in their complaint that they were discriminated against based on their race and do not even identify their race. Because § 1981 applies only in the context of racial discrimination, Plaintiffs have not stated a claim under § 1981.

**Civil Rights Act of 1964**

The Court could construe their claims as asserting a violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. Title VII of the Civil Rights Act protects against discrimination in the context of employment and has no application here.

The complaint could be asserting a claim of discrimination by a public accommodation under Title II of the Civil Rights Act. However, Title II applies only to discrimination on the basis of "race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Once again, Plaintiffs state that Defendant Siva and his employees denied them medical treatment because Plaintiffs refused to traffic their narcotic medication. They do not allege that they were denied medical treatment on the basis of their race, color, religion, or national origin. Therefore, Plaintiffs fails to state a claim under the Civil Rights Act of 1964.

*Other statutes*

To the extent Plaintiffs are attempting to assert a discrimination claim under some other statute, the claim fails. Although the standard of review is liberal for *pro se* Plaintiffs, it requires

more than bare assertions of legal conclusions. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). *Pro se* Plaintiffs are not absolved of their duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [their] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Because Plaintiffs do not identify a particular cause of action, the Court and Defendants are left to guess at what statute may provide a legal basis for their claims, and the Court is not able to discern one. Therefore, to the extent Plaintiffs intended to assert any other claim, they have failed to provide a sufficient basis to meet federal notice pleading requirements under Federal Civil Procedure Rule 8.

### *HIPPA*

Plaintiffs also allege violations of "HIPPA." Title II of HIPAA, the Health Insurance Portability and Accountability Act of 1996, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Serv., Inc.*, No. CV 07-3071, 2008 U.S. Dist. LEXIS 108700, at *4 (E.D.N.Y. Nov. 14, 2008). However, only the Secretary of the Department of Health and Human Services may file suit to enforce its provisions. 42 U.S.C. § 1320d-5(d); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (holding that HIPAA cannot be enforced through either an implied private right of action or through § 1983); *see also Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir. 2011); *Siegler v. Ohio State Univ.*, No. 2:11-cv-170, 2011 U.S. Dist. LEXIS 55389, at *8 (S.D. Ohio May 23, 2011). Accordingly, Plaintiffs' claims under HIPAA fail to state a claim and will be dismissed.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiffs, *pro se*
    Defendant
4413.010